T.C. Summary Opinion 2007-44

UNITED STATES TAX COURT

MICHAEL SCOTT SNELGROVE, SR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19713-05S.            Filed March 20, 2007.

Michael Scott Snelgrove, Sr., pro se.

Veena Luthra, for respondent.

COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]     Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,658 in petitioner's Federal income tax for 2003. After concessions by respondent, hereafter noted, the sole issue for decision is whether petitioner, under section 151, is entitled to dependency exemption deductions for two of his three children from a prior marriage.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Sunbury, North Carolina.

Petitioner was married in 1989 and, prior to the year at issue, divorced. Three children were born of this marriage, and, on his Federal income tax return for the year at issue, he claimed dependency exemption deductions for the three children as dependents. Petitioner filed his return as a head-of-household under section 2(b) and claimed the child tax credit under section 24(a) with respect to each child. In the notice of deficiency, respondent disallowed the three dependency exemptions and the child tax credit and changed petitioner's filing status to single. At trial, respondent conceded that petitioner was entitled to head-of-household filing status and the dependency exemption deduction for one child due to the fact that the child

lived with petitioner during the year at issue.[2]  The two other children lived with petitioner's former spouse during the year at issue, and the principal issue in this case is petitioner's claims to the dependency exemption deductions for the two children and the child tax credit.

Petitioner claims entitlement to the dependency exemption deductions based on an order by the State court that granted his divorce.  Generally, that order provided that petitioner was entitled to the dependency exemption deductions for the children as to any year during which his former spouse only was employed part time.  Respondent does not challenge the fact that petitioner's former spouse was employed part time during the year at issue, and petitioner would be entitled to the dependency exemption deductions except for the fact that petitioner has not satisfied the requirements of section 152(e)(2).

Generally, section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent, as defined in section 152.  Under section 152(a), the term "dependent" means, in pertinent part, a son or daughter of the taxpayer over half of whose support was received from the taxpayer.  Sec. 152(a)(1).

In the case of a child of divorced parents, section 152(e)(1) provides in pertinent part that, if a child receives

---

[2]   The record does not reflect whether respondent conceded the child tax credit with respect to that dependent.

over half of his support from his parents who are divorced under a decree of divorce, and the child is in the custody of one or both of his parents for more than one-half of the year, then the child will be treated as receiving over half of his support from the parent having custody for a greater portion of the calendar year (referred to as the "custodial parent").  Petitioner's former spouse was the custodial parent of the two children at issue.

The "noncustodial parent" is entitled to claim the dependency exemption deductions if one of three statutory exceptions in section 152(e) applies.  If an exception applies, the "noncustodial parent" (in this case petitioner) is treated as providing over half of a child's support.  This case, therefore, focuses on section 152(e)(2).

Section 152(e)(2) provides, if "the custodial parent signs a written declaration", that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year, the noncustodial parent is entitled to the dependency exemption deduction for that year.

The "written declaration" is embodied in Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents. That form consists of two parts, Part I, which is for the release of the dependency exemption for the "current year", and Part II

applies to releases for "future years".  Both parts (if applicable) must be signed by the custodial parent releasing the exemptions, and each part requires the year or years (in the case of Part II) to which the exemption is released and the names of the dependents.

Petitioner's former spouse did not execute a Form 8332; however, petitioner attached to his income tax return a copy of the court order pursuant to which he claims entitlement to the dependency exemption deduction for the two children.  Respondent contends that this does not satisfy the requirements of section 152(e)(2).

In Miller v. Commissioner, 114 T.C. 184 (2000), the Court addressed specifically whether an attachment to the tax return of an order by the divorce court allowing the noncustodial parent the dependency exemption for a dependent satisfies the requirements of section 152(e)(2) where there is no accompanying signature by the custodial parent agreeing to the release of the dependency exemption deduction.  The Court held that attaching a copy of the court order to the income tax return does not satisfy the requirement of section 152(e)(2) in the absence of a signature by the custodial parent agreeing to allowance of the dependency exemption deduction to the noncustodial spouse and also stating the year or years as to which the noncustodial parent is entitled to claim the dependency exemptions.

Petitioner has not satisfied these requirements, and, accordingly, respondent is sustained in disallowing petitioner the dependency exemption deductions for his two children.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155.</u>